FILED

April 19, 2018

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 10:25 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| ROGER JOINER, | ) | Docket No. 2017-06-0343 |
| Employee, | ) | |
| v. | ) | |
| | ) | State File No. 16021-2016 |
| UNITED PARCEL SERVICE, INC., | ) | |
| Employer, | ) | |
| and | ) | Judge Joshua D. Baker |
| LIBERTY MUTUAL INS. CO., | ) | |
| Carrier. | ) | |

---

## COMPENSATION HEARING ORDER GRANTING BENEFITS

---

At a Compensation Hearing on March 21, 2018, Mr. Joiner requested medical benefits and permanent partial disability benefits for a C6-7 disc herniation and for C5-6 disc osteophyte complex. United Parcel Services, Inc. (UPS) denied compensability of the disc osteophyte complex. For the reasons below, the Court finds that the disc osteophyte complex is compensable; that Mr. Joiner suffered 19% permanent impairment; and that UPS must provide him permanent partial disability benefits and ongoing medical benefits.

### History of Claim

On Friday, February 26, 2016, Mr. Joiner felt a pop in his left shoulder and numbness and tingling in both hands when he lifted a heavy mailbag. Within hours, he experienced intense left shoulder pain and reported it to his supervisor, who offered emergent care. Mr. Joiner declined, hoping he only pulled a muscle and that it might recover over the long weekend. However, he visited an emergency room on Sunday when his shoulder pain became "unbearable." The provider noted he reported "left shoulder pain since Friday, lifting a mailbag and felt/heard pop in the shoulder."

1

Mr. Joiner saw a panel physician, Dr. Malcolm Baxter, roughly a week later and reported "left shoulder pain and neck pain radiating into the scapula down the arm with numbness in the forearm and hand" with "pain level 10/10." In the same record, Dr. Baxter also noted Mr. Joiner reported initial "pain and numbness in both arms from the neck." After reviewing an MRI of Mr. Joiner's cervical spine, Dr. Baxter determined he did not injure his left shoulder and referred him to his partner, Dr. Christopher P. Kauffman, a neck specialist.

After reviewing the MRI film, Dr. Kauffman determined Mr. Joiner had a large left-sided disc herniation displacing the C6-7 nerve root that he related to lifting the mail bag. He did not believe that Mr. Joiner's cervical spondylosis and right-sided osteophyte complex at C5-6 was work-related. Dr. Kauffman recommended surgery for the disc herniation and noted the "[p]atient reports both hands initialing [sic] went numb but by the evening only left hand was numb."

During the preoperative evaluation a few weeks later, Dr. Kauffman changed his treatment plan when Mr. Joiner complained of having suffered "right upper extremity pain for the last week." Dr. Kauffman noted the disc osteophyte at C5-6 was likely causing the pain but explained to him that "this is not a work-related condition." He wrote, "On previous visits the patient was not complaining of any right upper chamois symptoms so it is my impression that this disc osteophyte was not causing symptomatic compression."

Dr. Kauffman recommended treating both conditions in one surgery and "splitting the cost of the surgery" between the workers' compensation carrier and Mr. Joiner's private health insurance carrier. He noted on June 17 that Mr. Joiner was "amenable with this and agrees that the right upper extremity pain did not develop until 3 months after the injury." Dr. Kauffman specifically noted Mr. Joiner "denies radiating right upper extremity pain prior to one week ago."

Dr. Kauffman performed discectomies at both levels of Mr. Joiner's cervical spine and replaced the disc at the C6-7 level with an artificial disc. In December, he released Mr. Joiner at maximum medical improvement (MMI) and assigned a 5% permanent impairment to the body as a whole for the C6-7 disc herniation only.

The parties disputed the work-relatedness of Mr. Joiner's C5-6 osteophyte complex by offering competing opinions from Dr. Stephen Neely, an orthopedic surgeon, and Dr. Kauffman. Dr. Neely performed an independent medical evaluation (IME) in July 2017. He testified that Mr. Joiner's "arthritic, spondylotic" condition was pre-existing but he could not "separate" the injuries because Mr. Joiner's history related both as secondary to the work accident. He believed Mr. Joiner's work accident caused both conditions and that Mr. Joiner retained 19% permanent impairment to the body as a whole.

Conversely, Dr. Kauffman affirmed his impressions from Mr. Joiner's June 17 medical record and reiterated that Mr. Joiner's C5-6 condition was a spondolytic disc protrusion that denoted a chronic, rather than an acute, injury caused by the "normal aging process."

Mr. Joiner denied telling Dr. Kauffman that his right-sided complaints did not start until three months after the injury. He said he told "everyone" who treated him that he had right-sided numbness but his left shoulder pain overwhelmed and overshadowed it. He explained it was not until his left shoulder pain lessened that he fully noticed his right-sided problems. He pointed both to his March 9 visit with Dr. Baxter, which recorded initial "pain and numbness in both arms" and to a March 25 record from physical therapy, which recorded he had pain in both arms, greater on the left than the right. He also testified he had neither pain nor treatment for his neck before this work injury.

The parties stipulated to the following:

- Mr. Joiner's injury at the C6-7 level of his spine is compensable;
- He timely notified his employer of his injury;
- He is a fifty year-old resident of Smith County;
- He completed the seventh grade and obtained no GED;
- That UPS paid for all authorized medical expenses;
- He reached MMI on December 19, 2016;
- He is entitled to benefits based on at least a 5% impairment rating to the body as a whole;
- He returned to work for UPS earning the same or greater wages; and his compensation rate is $851.40.

**Legal Principles and Analysis**

At a compensation hearing, Mr. Joiner must establish that he is entitled to benefits by a preponderance of the evidence. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2017). He has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015).

The parties dispute whether Mr. Joiner suffered a compensable aggravation of his disc osteophyte condition at the C5-6 level of his spine. An employee "can satisfy the burden of proving a compensable aggravation if: (1) expert medical proof shows the work accident "contributed more than fifty percent (50%)" in causing the aggravation, and (2) the work accident more likely than not caused the aggravation when considering

3

all causes. *Miller v. Lowe's Home Centers, Inc.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 40, at *13 (Oct. 21, 2015); s*ee also* Tenn. Code Ann. § 50-6-102 (13)(B)-(C) and (14)(A). "The opinion of the treating physician [on causation] . . . shall be presumed correct . . . but this presumption shall be rebuttable by a preponderance of the evidence." *Id.* at 50-6-102(14)(E).

The physicians identified two causes of Mr. Joiner's injury at C5-6: aging and lifting the mail bag. Both physicians agreed Mr. Joiner had pre-existing spondylosis at C5-6. Dr. Kauffman concluded the MRI revealed a "spondylotic disc protrusion" at C5-6, which he called "more of an arthritic change than anything. It's not acute, like a piece of disc coming out, so it wouldn't denote an acute injury." Dr. Neely disagreed, given that Mr. Joiner's history placed both conditions as secondary to the injury because Mr. Joiner's pre-existing spondylosis at C5-6 was "subclinical" until the accident.

When faced with competing opinions, the Court must consider the "qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information by other experts." *Darraj v. McKee Foods Corp.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 4, at *13-14 (Jan. 17, 2017).

Dr. Kauffman based his opinion, at least in part, on his perception that Mr. Joiner's right-sided complaints began shortly before June 17. He reached his conclusion regarding work-relatedness of Mr. Joiner's complaints and after seeing him only twice. He noted the pre-existing arthritis and disc degeneration present on the MRI in Mr. Joiner's first visit on May 24. On the next visit, he briefly noted Mr. Joiner's initial numbness on his right side. When Mr. Joiner presented "new" right-sided complaints June 17, Dr. Kauffman immediately attributed those complaints to the pre-existing arthritis and disc degeneration present on the MRI.

However, Mr. Joiner's and Dr. Neely's testimony, along with medical records, credibly explained that Mr. Joiner did not fully understand or appreciate the onset of his right-sided problems because of the "10/10" pain emanating from his left shoulder. Consequently, Dr. Neely had the benefit of both Mr. Joiner's hindsight and medical records that pointed to right-sided complaints as early as March 9. He explained Mr. Joiner could only relay a "layman's interpretation" of his complaints. Essentially, Mr. Joiner interpreted his problems as left shoulder pain, even though his left shoulder was not injured, and that complaint "stuck with him," becoming every provider's (and his own) sole focus. Mr. Joiner credibly explained that his left shoulder pain masked and overpowered all other complaints, relegating his right-sided numbness and pain to mere footnotes until he noticed that it was problematic shortly before June 17.

Although Dr. Kauffman is a neck specialist, both he and Dr. Neely indicated the crux of their medical opinions centered on whether Mr. Joiner had right-sided problems from the outset. Dr. Kauffman formed his opinion largely upon his perception of Mr.

4

Joiner's presentation of his right-sided complaints on June 17, whereas Dr. Neely benefited from Mr. Joiner's hindsight and a retrospective review of Mr. Joiner's entire treatment.

The Court finds that Mr. Joiner reported his right-sided complaints within nine days of his injury, complained of it during physical therapy on March 25, and reported it to Dr. Kauffman on June 3. The Court finds Mr. Joiner overcame the presumption of correctness afforded Dr. Kauffman's causation opinion with documentation of his complaints from his initial providers, Dr. Neely's testimony, and his own testimony. Further, the Court finds Mr. Joiner retains 19% impairment to his body as a whole from both injuries based on Dr. Neely's testimony. Finally, the Court holds Mr. Joiner's injury at C5-6 was a compensable aggravation of his pre-existing condition and that he is entitled to medical benefits for both injuries.

**IT IS, THEREFORE, ORDERED** as follows:

1. UPS shall provide Mr. Joiner with ongoing medical treatment for his work-related injuries at C5-6 and C6-7 with Dr. Kauffman serving as the authorized treating physician.

2. Mr. Joiner is entitled to permanent partial disability benefits for a 19% permanent partial disability in the amount or $72,794.70, which equals 85.5 weeks of benefits at his compensation rate of $851.40.

3. Costs of $150.00 are assessed against UPS under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2017), for which execution may issue as necessary.

4. Absent an appeal of this order by either party, the order shall become final thirty days after issuance.

**ENTERED ON APRIL 19, 2018.**

_____
**Judge Joshua D. Baker**
**Court of Workers' Compensation Claims**

5

# APPENDIX

Exhibits:

1. Medical Records filed by Mr. Joiner on March 7, 2018
2. First Report of Injury
3. Dr. Christopher P. Kauffman's Deposition
4. Dr. Stephen Neely's Curriculum Vitae
5. Cervical Spine Regional Grid from the AMA Guides, 6th Ed.


Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice filed February 21, 2018
3. Dispute Certification Notice filed April 11, 2017
4. Request for Expedited Hearing
5. Order Cancelling Expedited Hearing and Setting Scheduling Hearing
6. Notice of Filing IME Report
7. Notice of Filing Dr. Stephen Neely's Deposition
8. Notice of Filing Dr. Christopher Kauffman's Deposition
9. Scheduling Order
10. Employee's Witness List
11. Employee's Witness and Exhibit List
12. Employee's Brief in Support of Petition for Medical Benefits
13. Employee's Compensation Hearing Brief with Exhibits
14. Employer's Compensation Hearing Brief
15. Employer's Pre-Compensation Hearing Statement filed 3/7/18

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on April 19th, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Brett Rozell, Jason Denton; Employee's Attorneys | | | X | brozell@rma-law.com, jdenton@rma-law.com |
| David Hooper, Employer's Attorney | | | X | dhooper@hooperzinn.com |

_____

**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**